BaeNey, J..
delivered the opinion of the court:
The claimant corporation at all the times hereinafter mentioned was engaged at the city of New York and other places in the manufacture and importation of cigars. In the year 1902 it manufactured 308,950 cigars in the island of Porto Bico, which it brought to the United States and landed at the city of New York. These cigars were labeled with the brand “ El Falco ” placed upon each box in which they were packed. All of these cigar boxes were stamped with United States internal-revenue stamps of the proper denomination properly canceled, aggregating in cash value the’ sum of $926.85. After the cigars had been placed in the warehouse of the claimant with the stamps thereon properly canceled and before they had been sold, in a suit brought and tried in the proper court in the State of New York, a final injunction was issued forever enjoining the claimant from using said “ El Falco ” as a brand or trade-mark for cigars. There- . upon, and for the purpose of enabling it to dispose of said cigars, the claimant made an application to the Commissioner of Internal Bevenue for permission to repack and restamp the same.
Permission so to do was granted in the following terms:
“ In reply to your letter, dated 19th instant, asking permission to repack and restamp 500,000 Porto Bican cigars, ‘ El Falco 5 brand, you are informed that Collector Treat has been instructed to sell your company the required stamps, with the understanding that you will not be privileged to *490 make any claim for refunding the tax first paid on such cigars, or for any claim for redemption of stamps first affixed to the packages and which will be destroyed under the supervision of a deputy collector.”
Pursuant to such permission these cigars were repacked and restamped under the supervision of the deputy collector, the new stamps so used being the same in denomination and value as the original stamps which were destroyed. •
The claimant thereafter made application to the Commissioner of Internal Revenue for the refund to it of this sum of $926.85 thus paid two times as tax upon the cigars in question. This application was refused and this suit is brought to recover judgment for that sum. There being no dispute as to the facts in this case as stated, the only question for this court to decide is whether under the law the claimant is entitled to recover.
This suit is brought under the act of May 12, 1900 (31 Stats., 177), which is as follows:
“That the Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, may, upon receipt of satisfactory evidence of the facts, make allowance for or redeem such of the stamps, issued under authority of law, to denote the payment of any internal-revenue tax, as may have been spoiled, destroyed, or rendered useless or unfit for the purpose intended, or for which the owner may have no use,, or which through mistake may have been improperly or unnecessarily used, or where the rates or duties represented thereby have been excessive in amount, paid in error, or in any manner wrongfully collected. Such allowance or redemption may be made either by giving other stamps in lieu of the stamps so allowed for or redeemed or by refunding the amount or value to the owner thereof, deducting therefrom, in case of repayment, the percentage, if any, allowed to the purchaser thereof; but no allowance or redemption shall be made in any case until the stamps so spoiled or rendered useless shall have been returned to the Commissioner of Internal Revenue, or until satisfactory proof has been made showing the reason why the same can not be returned; or, if so required by the said commissioner, when the person presenting the same can not satisfactorily trace the history of said stamps from their issuance to the presentation of his claim as aforesaid: Provided, That documentary and proprietary stamps issued under the provisions of ;An act to provide ways and means for war expenditures, and for *491 other purposes,’ approved June thirteenth, eighteen hundred and ninety-eight, may be redeemed only when presented in quantities of two dollars or more, face value: Provided further, That no claim for the redemption of or allowance for stamps shall be allowed unless presented within two years after the purchase of said stamps from the Government.
“ Seo. 2. That the finding of facts in and the decision of the Commissioner of Internal Revenue upon the merits of any claim presented under or authorized by this act shall, in the absence of fraud or mistake in mathematical calculation, be final and not subject to revision of any accounting officer.”
I. It is contended by the defendants that the decision of the Commissioner of Internal Revenue is final under this statute, and that this court is without jurisdiction in this case. This court very recently had occasion to discuss the jurisdiction of this court to review the decisions of departmental officers under similar statutes, and reference is made to the opinion in that case and citations therein as to the views of this court upon that subject. (Fidelity Trust Co. v. United States, 45 C. Cls. R., —; Commonwealth Title, &c., Co. v. United States, 37 C. Cls. R., 532; affirmed 193 U. S., 651.)
The decision of this court in the Commonwealth Title Co. case is particularly applicable to this case, as it was there held that where there is do disputed question of fact and the decision of the departmental officer turns exclusively upon the construction of an act of Congress, his decision is not final, and if adverse to the claimant, this court has jurisdiction of the case. In the case at bar the facts are all admitted, and the correctness of the decision of the Commissioner of Internal Revenue depends entirely upon the proper construction of the statute quoted. The Supreme Court affirmed this court in entertaining jurisdiction of a suit under a statute almost identical with the statute under consideration. (American Tobacco Co. v. United States, 166 U. S., 468; 32 C. Cls. R., 207.) Jurisdiction of the federal courts under the Tucker Act in this class of cases was also upheld in the case of Hyams v. United States (139 Fed. Rep., 997; 146 Fed. Rep., 15). If there otherwise were any doubt as to our jurisdiction it would seem to be removed By the last section of the act, which provides that to a certain extent the deci *492 sion of the Commissioner of Internal Revenue shall be final, and, therefore, inferentially that in other respects it shall not be final.
The defendants have also contended that the claim was not presented to the Commissioner of Internal Revenue within the period prescribed by the act of May 12,1900, and for that reason this court is without jurisdiction. There is some confusion in the evidence as to the dates when the stamps were affixed, canceled, etc., but we think there is no merit in this contention; and as the case is decided against the claimant on other gnounds, this matter is not discussed.
II. We now come to the question as to whether the claimant has made out a case against the defendants under the statute quoted. The only provision of the statute which can possibly be invoked as giving relief to the claimant is where it says that “ the Secretary of the Treasury may, upon receipt of satisfactory evidence of the facts, make allowance for or redeem such of the stamps, issued under authority of law, to denote the payment of any internal-revenue tax, as may have been spoiled, destroyed, or rendered useless or unfit for the purpose intended, or for which the owner may have no use, or which through mistake may have been improperly or unnecessarily used.” We do not see how it can be said that the claimant brings itself within any of the cases thus provided for the redemption of stamps. The moment the cigars were removed to the warehouse of the claimant the internal-revenue tax thereon provided by law became due, and payment of the same was made by affixing to the boxes containing them stamps of the proper denomination, at the same time canceling the same. (R. S., sec. 3397.) This act rendered the stamps worthless except as evidence of the payment of the tax, and their cost became merged in the commercial value of the cigars. (Jones v. Van Beuthuysen, 103 U. S., 88, 89.) Thereafter the claimant could place these cigars upon the market, give them away, or destroy them as it might see fit. If it saw fit to repack them in other and new boxes, the cigars became liable to the same tax as when first packed. (R. S., sec. 3392.) Because the claimant was placed in the dilemma of being compelled to pack these cigars twice was *493 no fault of the Government. And the necessity for so doing, placed upon the claimant by the injunction of the court, makes the case no better for it than it would be if it had voluntarily done so. In fact, so far as the situation of the Government is concerned, it was entirely a voluntary act on the part of the claimant.
None of these stamps (either of those first or last affixed and canceled) were “ spoiled, destroyed, or rendered unfit for the purpose intended.” On the contrary, they were used exactly for the purpose intended, and, though canceled, this was not spoliation or destruction within the meaning of the statute. Neither were any of them “ improperly or unnecessarily-used ” for reasons before stated.
The Congress has never seen fit to provide relief in cases like the present where a repacking of cigars became desirable or necessary after the tax had once been paid, and until it does certainly the courts can give none.
For the reasons stated the petition must be dismissed.
Howry, J., was not present at the trial of this case, and took no part in its decision.